# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOAH JAMAL STOKES,<br><br>Defendant. | Case No.: CR 18-00601-CJC<br><br>ORDER OF DETENTION |

Defendant Noah Jamal Stokes is charged with four bank robberies and four attempted bank robberies. (Dkt. 11 [Indictment].) On August 31, 2018, Magistrate Judge Wilner ordered Defendant detained pending trial because Defendant had not rebutted by sufficient evidence the statutory presumption of detention. (Dkt. 8.) On January 28, 2019, Magistrate Judge Sagar held a hearing to review the order detaining Defendant. (Dkt. 29.) The Government conceded there was no statutory presumption of detention,

-1-

but argued that Defendant should remain detained. Judge Sagar denied Defendant's request for bail. (Dkt. 29.) Defendant now moves for review of Judge Sagar's detention order and for release on bail. (Dkt. 33.) Defendant's motion is **DENIED**.

The Bail Reform Act of 1984 permits pretrial detention only where there is a demonstrated risk of flight or no assurance that release is consistent with the safety of the community. 18 U.S.C. §§ 3142 *et seq*. "The whole spirit of the Bail Reform Act . . . is that a defendant facing trial should be released, rather than detained, unless there are strong reasons for not releasing him." *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). In determining whether to release or detain a defendant, the Court considers (i) the nature and circumstances of the offenses charged, (ii) the weight of the evidence against the defendant, (iii) the history and characteristics of the defendant, and (iv) the nature and seriousness of the danger to the community. 18 U.S.C. § 3142(g). The burden rests with the Government, which must prove by a preponderance of evidence that the defendant poses a flight risk or by clear and convincing evidence that the defendant poses a danger to the community.[1] *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Given this burden, "[o]nly in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *Id.*

After considering these factors and all of the evidence presented by the parties and the arguments of their counsel, the Court concludes the Government has met its burden of proving danger by clear and convincing evidence and flight risk by a preponderance of the evidence.

---

[1] Judge Wilner originally detained Defendant on the basis that he committed a crime of violence, so 18 U.S.C. § 3142(e)(2) created a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. (Dkt. 8.) Both parties now agree, however, that § 3142(e)(2)'s rebuttable presumption of detention does not apply. The burden rests with the Government.

### A. Danger to Community

The Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Despite being only 21 years old, Defendant has a significant criminal history. He has one conviction for threatening a school officer, two convictions for petty theft, and one conviction for domestic battery. He also has at least seven previous arrests, including for theft, battery on a person, and theft by false pretenses. In the alleged offenses, he attempted to rob eight banks and succeeded in robbing four. During some of these robberies, Defendant allegedly pretended to have a gun. In the final robbery, he allegedly threatened the bank teller and told her that he had a gun.

Defendant also appears to have significant mental health issues, bipolar disorder and depression, and the charges he now is facing in this case may have been prompted by a gambling addiction. There is no evidence before the Court that Defendant has received sufficient treatment or counseling to address these serious mental health issues and addiction. Detention is therefore necessary to protect the community and Defendant himself until he has received adequate mental health treatment and care.

### B. Flight Risk

The Court also finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Defendant has a strong incentive to flee. The Grand Jury returned an indictment charging him with eight counts of bank robbery or attempted bank robbery between June and July 2018. He allegedly obtained a total of $8,892 over the course of these robberies. The Government has marshalled compelling evidence of his guilt on these charges, including a confession by Defendant, physical evidence, and cell site data

placing his cell phone near the location of seven of the eight robberies. If convicted on these charges, he faces a lengthy sentence. Indeed, the Government estimates that Defendant faces a sentence of 78 to 97 months under the Sentencing Guidelines. Defendant is only 21 years old and has never spent time in prison. Avoiding a lengthy prison sentence is an obviously compelling reason for him to flee.

More troubling, Defendant has also demonstrated a repeated disregard for fulfilling his obligations to appear in court. He has a failure to appear at the Department of Motor Vehicles and previous outstanding warrants. He currently remains on summary probation. This pattern of behavior gives the Court great concern that Defendant will not appear at court proceedings as required if it releases him on bond.

Simply stated, Defendant must be detained. His criminal history, bipolar disorder, depression, and gambling addiction show that he is a serious danger to the community. And his strong incentive to flee and repeated disregard of obligations to appear in court show that no condition or combination of conditions will reasonably assure his appearance at trial.

**IT IS THEREFORE ORDERED** that Defendant be detained prior to trial.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for private consultation with counsel.

**IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED: March 5, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

cc: USM; PSA; USPO